NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY   2016 JUL 26  P 3: 33    16 CVS _____

GUILFORD CO., C.S.C.

GRACE J. CLARK,                )
BY _____             )
    Plaintiff,                 )
                               )
v.                             )     COMPLAINT
                               )
GUILFORD COUNTY, NORTH         )
CAROLINA,                      )
                               )
    Defendant.                 )

Plaintiff, complaining of defendant, alleges and says:

1. Plaintiff is a citizen and resident of Summerfield, Guilford County, North Carolina.

2. Defendant is an entity capable of suing and being sued.

3. From November, 2009, to September 1, 2015, plaintiff was employed by defendant's department of social services as a coordinator for English as a second language, and plaintiff was the only Spanish interpreter and translator in the employ of defendant's Department of Social Services.

4. Plaintiff was on authorized and directed medical leave from March 20 to June 1, 2015, in connection with surgery, which required hospitalization for three weeks and convalescence for the remainder of the period.

5. Plaintiff was involved in an automobile wreck on or about June 20, 2015, for which plaintiff was authorized and directed by her physician to remain in medical care and convalescence until September 1, 2015.

6. Plaintiff constantly kept both the department of social services human resources office and her manager apprised of her condition and of her doctors' directions concerning medical leave on a periodic and timely basis, and provided defendant with all documentation either requested or needed by defendant with regard to the medical leaves.

7. Beginning in February, 2015, plaintiff's manager told her that she could no longer have contact with Spanish-speaking clients of the department and that her job of interpreter and translator between Spanish and English was being eliminated, even though there was a critical need for this service and the maintenance of the interpreting and translating capacity between English and Spanish was required of defendant by the United States government in connection with funding.

8. Plaintiff, immediately after being told that she could no longer have contact with Spanish-speaking clients and that the interpreting and translating job was being eliminated, filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission based on national origin.

9. Plaintiff also complained to the Guilford County attorney and the attorney for the Department of Social Services about being ordered not to communicate with Spanish-speaking clients and that the job of interpreter and translator was being eliminated.

10. Up until February, 2015, plaintiff had always received the very highest evaluation scores that were given by defendant, and she had no warnings, write-ups, or other disciplinary events in her career. However, and without any change whatever in plaintiff's conduct, defendant reduced plaintiff's evaluations, without any basis whatever, from the top level to average, and made written comments, which were completely false, that plaintiff was uncooperative, did not work well with others, refused training, and did not follow directions.

11. All of the conduct of plaintiff's managers that is reflected in the immediately preceding paragraph was in the course and scope of the conduct of these managers as agents and servants for defendant, and was in retaliation for plaintiff's having made complaints to the Equal Employment Opportunity Commission and the county attorney and her agency's attorney about being ordered not to communicate with Spanish-speaking clients of her department and about the job of interpreter and translator being eliminated.

12. For the two leaves of absence by plaintiff from March 20 to June 1, 2015, and June 20 to September 1, 2015, plaintiff was fully covered by accrued vacation days, accrued sick leave, and additional absence permitted under the provisions of the Family Medical Leave Act, 29 U.S.C. § 2601, et. seq.

13. When plaintiff returned to work on September 1, 2015, after being released by her doctor on September 1, 2015, she was immediately dismissed. Plaintiff was presented with a paper stating falsely that she was requesting to resign; and because of the falsity of this document, plaintiff refused to sign it. The paper requested resignation as of July, 2015. When plaintiff refused to sign the false document, she was immediately and summarily dismissed by defendant.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION ON THE BASIS
## OF RACE AND NATIONAL ORIGIN

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

15. Plaintiff is Hispanic and of Mexican race, descent and national origin, and plaintiff is fluent in the Spanish language.

16. Non Hispanic employees of defendant were never treated in a way comparable to or worse than, the manner in which plaintiff was treated, as described herein.

4

17. The adverse employment actions taken against plaintiff, including elimination of her position, forbidding her to communicate with her Spanish-speaking clients, and telling her to say falsely that she was resigning her employment, improperly and without basis reducing her performance grades, improperly and without basis taking disciplinary action against her, and terminating her, all were pretextual and done for the purpose of concealing defendant's discriminatory intent on the basis of plaintiff's race and national origin.

18. Defendant's conduct described herein consists of intentional acts of discrimination motivated by plaintiff's race and national origin, in violation of 42 U.S.C. § 2000e-2(a).

19. At all times material hereto, defendant has had more than 15, and more than 500, employees in each of 20 or more calendar weeks in the current or preceding calendar year.

20. Plaintiff filed charges of discrimination against defendant with the Equal Employment Opportunity Commission in a timely manner, complaining of the foregoing discrimination on the basis of national origin, as required by 42 U.S.C. § 2000e-5(b) and (e).

21. Plaintiff was notified by the United States Department of Justice on May 19, 2016, of her right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 2000e-5(f).

22. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including loss of pay and benefits, emotional pain, suffering, mental anguish, inconvenience, and injury to reputation.

23. Because defendant engaged in the discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

24. Plaintiff's damages, compensatory and punitive, incurred and to be incurred, are in an amount in excess of $10,000.

25. Plaintiff is suffering continuing irreparable harm by being deprived of her position of employment with defendant, and plaintiff is entitled to an injunctive order of reinstatement or alternatively, front pay.

## SECOND CAUSE OF ACTION
## FOR DISCRIMINATION ON THE BASIS
## OF DISABILITY

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

27. Plaintiff had two disabilities during her employment in 2015, the first consisting of disability and inability to perform any work whatever for a temporary period on account of surgery that began March 30, and ended June 1,

and the second injuries from an automobile wreck on June 20, which prevented her from doing any work temporarily from June 20 to September 1.

28. At all material times hereto, plaintiff has been a qualified individual with a disability, who with reasonable accommodation, could perform the essential functions of her position of employment, as provided in 42 U.S.C. § 12111(8). Reasonable accommodation would have been to allow plaintiff to be temporarily absent from work during the above periods, consistent with defendant's established leave policies and its duties under the Family Medical Leave Act.

29. Defendant's dismissal of plaintiff was on account of its intent to discriminate against plaintiff on the basis of her disability, in violation of 42 U.S.C. § 12112(a).

30. Plaintiff filed charges of discrimination against defendant with the Equal Employment Opportunity Commission in a timely manner, complaining of the foregoing discrimination on the basis of disability, pursuant to 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(b) and (e).

31. Plaintiff was notified by the United States Department of Justice on May 19, 2016, of her right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(f)(1).

32. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including loss of pay and benefits, emotional pain, suffering, mental anguish, inconvenience, and injury to reputation.

33. Because defendant engaged in the discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages, in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

34. Plaintiff's damages, compensatory and punitive, incurred and to be incurred, are in an amount in excess of $10,000.

35. Plaintiff is suffering continuing irreparable harm by being deprived of her position of employment with defendant, and plaintiff is entitled to an injunctive order of reinstatement or alternatively, front pay, in accordance with 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(g)(1).

## THIRD CAUSE OF ACTION
## FOR RETALIATORY DISCRIMINATION

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

37. Defendant's dismissal of plaintiff on September 1, 2015, was on the basis of defendant's intent to discriminate against plaintiff in retaliation for her having filed charges of discrimination with the Equal Employment Opportunity Commission, and having made complaints to her management, the attorney for her

8

agency, and the county attorney, with respect to discrimination on account of race and national origin, and on account of disability. This retaliatory discrimination is in violation of 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 12203(a), making it unlawful to discriminate or retaliate against any individual because she has opposed an unlawful employment practice or made a charge of discrimination with the Equal Employment Opportunity Commission.

38. Plaintiff filed charges of discrimination against defendant with the Equal Employment Opportunity Commission in a timely manner, complaining of the foregoing retaliatory discrimination, pursuant to 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(b) and (e).

39. Plaintiff was notified by the United States Department of Justice on May 19, 2016, of her right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(f)(1).

40. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including loss of pay and benefits, emotional pain, suffering, mental anguish, inconvenience, and injury to reputation.

41. Because defendant engaged in the retaliatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages, in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

42. Plaintiff is suffering continuing irreparable harm by being deprived of her position of employment with defendant, and plaintiff is entitled to an injunctive order of reinstatement or alternatively, front pay, in accordance with 42 U.S.C. § 2000e-5(g)(1), and 42 U.S.C. § 12117(a) incorporating by reference 42 U.S.C. § 2000e-5(g)(1).

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF
## FAMILY MEDICAL LEAVE ACT

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

44. Plaintiff was fully within her rights under the Family Medical Leave Act, 29 U.S.C. § 2612(a)(1)(b), when she took the days off work on account of the surgery from March to June, 2015, and the injuries from the automobile wreck from June to September, 2015, and consistent with her obligations under the law, plaintiff kept defendant in a timely way fully informed and provided all relevant medical documentation to support her leave.

45. When defendant tried to secure plaintiff's signature on a document stating that she requested to resign, defendant was discriminating against plaintiff, and when defendant fired her for refusing to do so, defendant was discriminating against plaintiff by discharging her in violation of the Family Medical Leave

Act, and also violating under that act for retaliation against opposing practices made unlawful thereby. This conduct by defendant was in violation of 29 U.S.C. § 2612(a)(1)(d) and 29 U.S.C. § 2615(a)(2).

46. Proximately and directly as a result of defendant's wrongful conduct against plaintiff under the Family Medical Leave Act, plaintiff has sustained injuries and damages, consisting of loss of salary and employment benefits, for which she is entitled to recover from defendant under 29 U.S.C. § 2617(a)(1)(A)(i)(I). Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), plaintiff is also entitled to recover liquidated damages from defendant, being in an amount equal to her actual damages.

47. Plaintiff has no plain and adequate remedy at law and is entitled to equitable relief from this court, pursuant to 29 U.S.C. § 2617(a)(1)(B), consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of the Family Medical Leave Act.

WHEREFORE, plaintiff prays that she have and recover her damages of defendant, together with such interest thereon as is provided by law, that the court grant plaintiff injunctive relief against defendant's future discrimination of plaintiff, that the costs of this action be taxed against defendant, that plaintiff recover her reasonable attorney's fees of defendant as provided in 42 U.S.C. §

11

2000e-5(k), and in 42 U.S.C. § 12117(a) incorporating by reference 42 U.S.C. § 2000e-5(k), and 29 U.S.C. § 2617(a)(3), that all issues of fact be tried by jury, and that plaintiff have such other and further relief as to the court may seem just and proper.

Attorney for Plaintiff
Norman B. Smith
NCSB 4962
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net