IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRACE J. CLARK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:16CV1087 ) |
| GUILFORD COUNTY, NORTH CAROLINA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff, Grace J. Clark, initiated this action on July 26, 2016, against Defendant, Guilford County of North Carolina ("Guilford County" or "Defendant"), in Guilford County Superior Court alleging employment discrimination in violation of 42 U.S.C. § 2000e-2 *et seq.* ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612 *et seq.* On August 26, 2016, Guilford County filed a Notice of Removal removing the case to this Court. (ECF No. 1.) Before the Court are Guilford County's Motion to Dismiss, (ECF No. 6), and Plaintiff's Motion to Amend Complaint, (ECF No. 8). For the reasons that follow the Court grants in part and denies in part Defendant's motion to dismiss, and the Court denies Plaintiff's motion to amend.

As background, from November, 2009 to September 1, 2015, Plaintiff, who is Hispanic, was employed by Guilford County Department of Social Services ("DSS") as a coordinator for the English as a second language program. (ECF No. 3 ¶ 3.) Plaintiff was the only Spanish interpreter and translator employed by DSS at that time. (*Id.*) Plaintiff alleges

that, beginning in February 2015,[1] her manager told her that she could no longer have contact with Spanish speaking clients and that her job as an interpreter and translator was being terminated. (*Id.* ¶ 7.) Plaintiff then filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") based on national origin.[2] (*Id.* ¶ 8.) She also complained to the County attorney and the attorney for DSS. (*Id.* ¶ 9.) Plaintiff further claims that "[u]p until February, 2015 [she] had always received the very highest evaluation scores . . . and she had no warnings, write ups, or other disciplinary events in her career. (*Id.* ¶ 10.) However, in February, Defendant reduced her evaluations to average and put in writing that Plaintiff "was uncooperative, did not work well with others, refused training, and did not follow directions." (*Id.*) Plaintiff alleges that these actions by her manager were in retaliation for her filing an EEOC Complaint. (*Id.* ¶ 11.)

Plaintiff's Complaint further alleges that she was on medical leave from March 20 to June 1, 2015 for surgery and convalescence. (*Id.* at ¶ 4.) Also, from about June 20, 2015 to September 1, 2015, Plaintiff was on medical leave due to an automobile accident. (*Id.* at ¶ 5.) When Plaintiff returned to work on September 1, 2015 she was fired from her job. (*Id.* at ¶ 13.)

Plaintiff's Complaint alleges that: (1) she was discriminated against based on her race and national origin, (*id.* ¶¶ 14–25); (2) she was discriminated against based on her disability,

---

[1] In her EEOC Charge, Plaintiff alleges that on August 29, 2014, she was told that she "could not . . . have any contact with Hispanic families" and "could no longer interpret for anyone within the Agency." (ECF No. 10-1 at 3.)

[2] Though Plaintiff's Complaint states that her EEOC Charge was based on national origin, the Charge reflects that Plaintiff checked only the boxes for race and retaliation as the basis of her claim. (ECF No. 10-1, at 3.)

(*id.* ¶¶ 26–35); (3) she was subjected to retaliatory discrimination for filing an EEOC complaint, (*id.* ¶ 36–42); and (4) her rights under the FMLA have been violated, (*id.* ¶ 43–47.) Defendant brings this motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies, and pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted.

I.   STANDARDS OF REVIEW

   A. **Rule 12 (b)(1)**

A motion under Rule 12(b)(1), which governs dismissal for lack of subject matter jurisdiction, raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of establishing subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When evaluating a Rule 12(b)(1) motion to dismiss, the court may consider evidence outside the pleadings and should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Once the Court determines it lacks subject matter jurisdiction over a claim, it must dismiss that claim. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

   B. **Rule 12 (b)(6)**

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal

cause of action, *i.e.*, a cognizable claim, *see Holloway*, 669 F.3d at 452; or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Dismissal under Rule 12(b)(6) is appropriate only when the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Capital Associated Indus., Inc. v. Cooper*, 129 F. Supp. 3d 281, 300 (M.D.N.C. 2015) (quoting *Brown v. Target, Inc.*, No. ELH-14-00950, 2015 WL 2452617, at *9 (D. Md. May 20, 2015)). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Generally, on a Rule 12(b)(6) motion to dismiss, a court cannot consider documents beyond the complaint without converting the motion into a motion for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). The court can, however, properly consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted). The Court will,

therefore, consider certain documents attached to Defendant's Reply Brief in support of its Motion to Dismiss,[3] the authenticity of which have not been challenged by any party.

## II. DISCUSSION

At the outset, this Court addresses Guilford County's argument that the County's Motion to Dismiss must be decided as uncontested pursuant to this Court's local rules because Plaintiff's response brief was not timely filed. Local Rule 7.3(k) specifically provides that "failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." LR 7.3(k). Further, the rule provides "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion . . . ." *Id.* The time specified under Local Rule 7.3(j) for the filing of a response or brief in opposition to a motion is "within 21 days after service of the motion." LR 7.3(f).

Here, Defendant filed and served its motion to dismiss on September 29, 2016. (ECF No. 6.) Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss was filed on October 26, 2016, (ECF No. 9), more than the 21 days after service of Defendant's motion. In the opposition brief filed by Plaintiff's counsel on behalf of his client, there was no acknowledgement that the response was untimely, no request seeking leave to file the untimely response, nor did counsel provide any basis for this Court to conclude that there was excusable neglect for the untimely filing, as required by the local rule. This Court is seriously troubled by the blatant disregard for, or lack of knowledge of, this Court's rules exhibited by Plaintiff's

---

[3] Attached to Defendants Reply Brief as Exhibit A is Plaintiff's EEOC Charge of Discrimination signed by Plaintiff on February 14, 2014. (ECF No. 10-1.)

5

counsel. However, the Court concludes that, while Plaintiff will suffer great harm if this Court does not consider each of the parties' arguments with respect to her claims, Defendant will not suffer prejudice since it has already addressed the merits of each claim, including Plaintiff's arguments. For this reason, the Court, in its discretion, will consider each parties' arguments with respect to Plaintiff's motion, and will likewise consider Plaintiff's motion to amend.

### A. Subject Matter Jurisdiction

Because subject matter jurisdiction is a threshold question, the Court will first address Defendant's motion to dismiss Plaintiff's Title VII claim for discrimination based on national origin set forth in the Complaint's first cause of action. The County contends that Plaintiff has failed to exhaust her administrative remedies as to her Title VII national origin claim and, thus, this Court does not have jurisdiction to hear them. (ECF No. 6 ¶¶ 3, 4.) Specifically, Defendant argues that the claims in Plaintiff's EEOC Charge do not reasonably contemplate the claims she now makes in the Complaint with respect to her Title VII claims, and that these claims are raised for the first time in the Complaint. (ECF. No. 7 at 5-7.) Plaintiff responds that "the [C]omplaint did not attach a copy of the charge of discrimination filed with the Equal Employment Opportunity Commission, and defendant has not provided that document to the [C]ourt." (ECF No. 9 at 7.) Further, she argues that the factual allegations in the administrative charge are reasonably related to the claims in her Complaint concerning national origin; however, even if that is not the case, according to Plaintiff, any insufficiency would be cured by the Court allowing Plaintiff's motion to add a fifth cause of action for racial and national origin discrimination in violation of 42 U.S.C. § 1981 because exhaustion is not required for a Section 1981 claim. (ECF No. 9 at 9.)

6

Before a plaintiff files suit under Title VII, she must exhaust her administrative remedies by filing a charge with the EEOC. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). A plaintiff's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over the claim. *Calvert Grp.*, 551 F.3d at 300. The burden of proving subject matter jurisdiction rests with the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Here, while neither party disputes that an EEOC Charge was filed, there is dispute as to the scope of that charge. Because Plaintiff bears the burden of establishing subject matter jurisdiction and must establish that she has exhausted her administrative remedies on her Title VII claims, her argument that Defendant did not provide the EEOC Charge to the Court is puzzling.

The "EEOC charge defines the scope of [a plaintiff's] subsequent right to institute a civil suit" in federal court. *First Union Nat'l Bank*, 202 F.3d at 247. Further, the claims in a plaintiff's federal court complaint must be "reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation." *Id.* Thus, had Defendant not attached Plaintiff's EEOC Charge to its reply brief, this Court would have found, summarily, that Plaintiff had failed to establish subject matter jurisdiction over those claims. A review of the Charge demonstrates that, indeed, Plaintiff has failed to exhaust her administrative remedies as to her Title VII claims based on national origin. Though she checks the boxes for race and retaliation on her EEOC Charge, she fails to check the box for national origin. In addition, Plaintiff fails to outline any particulars in her discrimination charge that implicates discrimination based on national origin. *See Miles v. Dell, Inc.*, 429 F.3d 480, 492 (4th Cir. 2005) (affirming lower court finding of failure to exhaust administrative remedies where

7

the plaintiff failed to check the retaliation box and failed to mention retaliation in the narrative section of her EEOC Charge). Thus, Defendant's motion to dismiss Plaintiff's Title VII claims for discrimination based on national origin will be granted, as Plaintiff has failed to exhaust her administrative remedies with respect to that claim. Plaintiff argues in response to the exhaustion issue that any insufficiency would be "cured" by the Court allowing Plaintiff's motion to add a fifth cause of action for racial and national origin discrimination in violation of 42 U.S.C. § 1981. (ECF No. 9 at 9.) However, Plaintiff's motion to amend does not "cure" Plaintiff's exhaustion issue with respect to her Title VII claims, rather, it goes to whether Plaintiff has sufficiently alleged a claim of discrimination based on race and national origin under another statute. Defendant argues that even if the Court were to allow Plaintiff's requested amendment, it would likewise fail to state a claim under Rule 12 (b)(6). Thus, Plaintiff's motion to amend will be considered as part of the Court's discussion below.

   **B. Failure To State A Claim**

Defendant next argues that each of Plaintiff's remaining claims should be dismissed pursuant to Rule 12 (b)(6) for failure to state a claim upon which relief should be granted. (ECF No. 7 at 7-20.) Specifically, Guilford County argues that Plaintiff's Complaint is devoid of factual allegations to support Plaintiff's claims of unlawful discrimination based on race, disability, retaliation, or Plaintiff's FMLA claims. *Id.* The County argues further that Plaintiff's Complaint includes subjective beliefs and conclusory statements, yet contains no factual allegations setting forth the grounds for Plaintiff's entitlement to relief under any of the remaining claims. *Id.*

*1. Discrimination Based on Race Claim*

As to the remaining claim in her first cause of action, Plaintiff alleges that she was discriminated against based on race. (ECF No. 3 ¶¶ 14–25.) Defendant argues, that "Plaintiff has failed to plead sufficient factual allegations …which would establish even a *prima facie* case of discrimination based on race that rises above the level of mere speculation to survive dismissal." (ECF No. 6 at ¶ 2.) This Court agrees.

In the absence of direct evidence of race discrimination, a plaintiff can establish a claim of race discrimination by proceeding under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005). Under this framework, a plaintiff must establish a *prima facie* case of discrimination by alleging the following: (1) she belongs to a protected group; (2) suffered some adverse employment action; (3) performed at the employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicant outside the protected class, or different treatment from similarly situated employees outside of protected class. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012); *Miles*, 429 F.3d at 485. "The central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.'" *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md.), *aff'd*, 258 F. App'x 584 (4th Cir. 2007) (unpublished per curiam opinion) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, . . . [her] factual allegations must be enough to raise a right to relief above the

speculative level." *Coleman*, 626 F.3d at 190 (citation and quotation omitted). In other words, a plaintiff "must allege facts allowing for a reasonable inference that an employer treated [her] adversely because of [her] race." *Sillah v. Burwell*, 244 F. Supp. 3d 499, 511–12, (D. Md. 2017).

Here, Plaintiff's Complaint alleges the following:

   a. "Plaintiff is Hispanic," (ECF No. 3 ¶ 15 );

   b. "[P]laintiff's manager told her that she could no longer have contact with Spanish–speaking clients… and that her job as interpreter and translator between Spanish and English was being eliminated," (*id.* ¶ 7);

   c. "Non-Hispanic employees of defendant were never treated in a way comparable to[,] or worse than, the manner in which [P]laintiff was treated," (*id.* ¶ 16); and

   d. "The adverse employment actions taken against [P]laintiff, including elimination of her position, forbidding her to communicate with her Spanish-speaking clients….all were pretextual and done with the purpose of concealing defendant's discriminatory intent on the basis of plaintiff's race and national origin, (*id.* ¶ 17).

Taking Plaintiff's allegations as true, and drawing all reasonable inferences in her favor, the Court concludes that Plaintiff has failed to sufficiently allege a claim of race discrimination under Title VII to withstand dismissal. In particular, as to the fourth element of Plaintiff's race discrimination claim, that she was treated differently than similarly situated employees outside of her protected class, Plaintiff alleges the conclusory assertion that "[n]on-Hispanic employees of defendant were never treated in a way comparable to[,] or worse than, the manner in which plaintiff was treated," (*id.* ¶ 16.) She provides no factual support for this conclusory assertion that is merely a "threadbare recital" of one of the elements of the cause of action. Moreover, Plaintiff provides no factual support for her conclusion that the alleged

10

"adverse employment actions . . . were pretextual and done with the purpose of concealing defendant's discriminatory intent," (*id.* ¶ 17.) This conclusory statement appears to be Plaintiff's subjective beliefs or, perhaps, merely speculation, rather than factual allegations that would allow this Court to make a reasonable inference that Plaintiff's employer treated her adversely because of her race. As a result, Plaintiff's Title VII race discrimination claim will not survive dismissal.

Plaintiff asserts that even if her Title VII claims should fail, if the Court allows her proposed amendment, she has sufficiently stated a claim for discrimination based on race and national origin under Section 1981. (ECF No. 9 at 9.) Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend a pleading by obtaining consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend a Complaint, or other pleading, is in the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). While the court has discretion to grant or deny leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has made clear that the federal rule declaring that leave to amend shall be freely given when justice so requires is a "mandate . . . to be heeded." *Foman*, 371 U.S. at 182. "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis added); *accord Drager*, 741 F.3d at 474. "Whether an

amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

In reviewing Plaintiff's requested amendment to the Complaint, the Court concludes that allowing Plaintiff's proposed amendment would be futile. First, Plaintiff sets forth essentially the same allegations for the Section 1981 claim as the Title VII claim in the Complaint. Thus, like the Title VII claim, taking Plaintiff's allegations as true, and drawing all reasonable inferences in her favor, the Court concludes that Plaintiff has failed to sufficiently state a claim of race discrimination under Section 1981 to withstand dismissal. Second, as to Plaintiff's national origin claim under Section 1981, the Supreme Court has held that parties may not assert discrimination claims based on national origin under Section 1981. *See Saint Francis Coll. v. Al–Khazraji,* 481 U.S. 604, 613 (1987) (holding that Congress intended Section 1981 "to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics," and this protection does not include discrimination based "solely on the place or nation of [the plaintiff's] origin"); *see also id.* at 614 (Brennan, J., concurring) (reading the majority's opinion to hold only that "discrimination based on *birthplace alone* is insufficient to state a claim under § 1981"). The Court, therefore, denies as futile Plaintiff Motion to Amend Complaint to assert a claim of discrimination based on race or national origin under Section 1981.

   2. *ADA Claim*

Plaintiff's Complaint, in her Second Cause of Action, alleges that she was discriminated against based on her disability. (ECF No. 3 ¶¶ 26–35.) To state a *prima facie* case for failure to accommodate under the ADA, Plaintiff must show: (1) that she was an individual who had a

disability within the statute; (2) that the employer had notice of the disability; (3) that, with reasonable accommodation, she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013). Even accepting Plaintiff's well-pled allegations in the Complaint as true, and viewing the Complaint and any attached exhibits in the light most favorable to her, Plaintiff has failed to allege sufficient facts with respect to any of the elements of this claim. As an initial matter, Plaintiff has failed to allege a specific disability and whether any such disability falls within those prescribed in the ADA. *See Patten v. HCL Am., Inc.*, No. 5:16-CV-47-FL, 2016 WL 1267165, at *3 (E.D.N.C. Mar. 31, 2016). In addition, though Plaintiff pleads a series of legal conclusions couched as factual allegations, Plaintiff has failed to allege sufficient facts to show that, with reasonable accommodation, she could meet the functions of her position or that her employer had notice of such disability. Finally, Plaintiff has failed to allege that her employer refused to provide any accommodation. Any one of these failures, standing alone, could be fatal to Plaintiff's claim. For these reasons, the Court will grant Defendant's motion to dismiss Plaintiff's ADA claim.

### 3. *Retaliatory Discrimination*

Plaintiff, in her Third Cause of Action, alleges that she was subjected to retaliatory discrimination for filing an EEOC Charge. (ECF No. 3 ¶¶ 36–42.) In order to establish a *prima facie* case of retaliation under Title VII, Plaintiff must allege: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190. Contrary to Plaintiff's argument that Guilford County has failed to address the retaliation claim in its brief and has,

13

therefore, waived the basis for dismissal, (ECF No. 9 at 11), Defendant argues in its brief that "[t]he absence of specific factual allegations supporting Plaintiff's claim[ ] of . . . retaliatory discrimination prevents Plaintiff's [claim] from rising above the level of . . . naked assertions." (ECF No. 7 at 8.) Plaintiff alleges that she was terminated on September 1, 2015 "in retaliation[4] for . . . having filed charges of discrimination with the [EEOC]." (ECF No. 3 ¶ 37.) *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (explaining that termination is an adverse employment action). Plaintiff fails to plausibly allege, however, facts to support the third element of this cause of action—that there was a causal link between the filing of her EEOC Charge on February 14, 2015 and her termination over six months later, on September 1, 2015. One way in which a plaintiff can allege a causal link is through temporal proximity, provided that "an employer's knowledge of protected activity and the adverse employment action that follows are *very* closely related in time." *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). *See Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (finding that a period of three to four months is too great to establish a causal link through temporal proximity alone). However, in cases where "temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 281 (3d Cir. 2000) (internal quotation omitted).

The Court finds that, here, employing either standard, Plaintiff's Complaint fails to plausibly allege a causal link between her alleged protected activity and her termination. First,

---

[4] Plaintiff's Complaint appears to include allegations of other allegedly adverse employment actions taken with respect to Plaintiff, (ECF No. 3 ¶¶ 7, 8, 10), however, based on her EEOC Charge, these acts occurred in August, 2014 which is *before* the date of the protected activity.

14

there is no temporal proximity between the filing of Plaintiff's EEOC Charge on February 14, 2015, and her termination which occurred over six months later. Second, Plaintiff makes no allegations pointing to alleged continuing retaliatory conduct or animus directed at her by Defendant in the six and one-half month interval between the filing of her EEOC Charge and her termination. *See Lettieri*, 478 F.3d at 650. Thus, Plaintiff has failed to raise her right to relief on this claim above the speculative level. Accordingly, Plaintiff's Title VII retaliation claim must be dismissed.

   *4. FMLA Claim*

Defendant asserts that, to the extent Plaintiff raises a FMLA retaliation claim, Plaintiff's Complaint fails to state such a claim. Pursuant to 29 U.S.C. § 2615 (2), "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615 (2). "Retaliation claims brought under the FMLA are analogous to those brought under Title VII." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 429 (4th Cir. 2015). To state a *prima facie* case of a FMLA retaliation claim, Plaintiff must allege: (1) that she "engaged in protected activity"; (2) that Defendant "took adverse action against [her]"; and (3) that the "adverse action was causally connected to [P]laintiff's protected activity." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006) (internal quotation marks omitted) (quoting *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998)). Plaintiff alleges that she took FMLA leave from March to June, 2015 for surgery, and from June to September, 2015 due to injuries from an automobile accident. (ECF No. 3 ¶ 44.) Plaintiff further alleges that she was terminated upon her return from FMLA leave on September 1, 2015. (*Id.* ¶ 13, 44.) The Fourth Circuit has

held that taking FMLA leave is a protected activity, *see Yashenkno*, 446 F.3d at 546, and termination is an adverse employment action, *Hoyle v. Freightliner, LLC*, 650 F.3d at 337. Here, given the temporal proximity between Plaintiff's return from FMLA leave and her termination, on the same day, the Court can reasonably infer that the adverse employment action was causally linked to Plaintiff's use of her FMLA leave. The Court, therefore, finds that Plaintiff's allegations, taken as true, are sufficient to plausibly state a FMLA retaliation claim, and Defendant's motion to dismiss this claim will be denied.

For the reasons outlined herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Guilford County, North Carolina's Motion to Dismiss, (ECF No. 6), is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Plaintiff's First Cause of Action for Discrimination on the Basis of National Origin which is DISMISSED WITHOUT PREJUDICE. The motion is also GRANTED as to Plaintiff's First Cause of Action for Discrimination on the Basis of Race, as well as Plaintiff's Second and Third Causes of Action which are DISMISSED WITH PREJUDICE. The motion is DENIED as to Plaintiff's Fourth Cause of Action for retaliation under the Family and Medical Leave Act.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint, (ECF No. 8), is DENIED.

This, the 30th day of September, 2017.

                                                    /s/ Loretta C. Biggs
                                              United States District Judge